DECISION
Presently before the Court is plaintiffs' motion to compel defendants to produce certain documents to which defendants have asserted the work product privilege. After a hearing this Court ordered that the documents in dispute be provided to the Court so that an in camera review of the documents could occur.
On February 3, 1994, Ryan Whiting was outside for recess at the Tower Street School when he allegedly fell from the playground jungle gym breaking and dislocating his left arm. Additionally, Ryan claims to have suffered psychological trauma as a result of the accident. The pending action alleges negligence on the part of the defendants, in their construction, inspection and maintenance of the jungle gym; their failure to warn Ryan; and in their alleged failure to adequately supervise the children playing on the jungle gym. Additionally, claims have been made against John Does #1 and #2 for negligently designing and manufacturing the jungle gym.
The review of documents involves a request for production allegedly filed on February 15, 1996, but which is not contained in the court file. On September 16, 1996, plaintiffs filed a motion to compel production of these documents. Counsel for the defendants contends that an objection was filed on September 20, 1996, but the record contains no such objection. The motion was heard on October 21, 1996 and by order dated October 28, 1996, defendants had 30 days to produce the requested documents. In addition, this order states that no objection to the motion had been filed prior to the hearing date. Pursuant to that order defendants had until November 27, 1996 to respond.
On January 24, 1997, plaintiffs filed a motion to default defendants for their failure to comply with the discovery order. The defendants filed a blanket objection to this motion on January 31, 1997. By court order dated February 24, 1997, the motion was conditionally granted. Defendants were given seven days from February 17, 1997 to cure their default. More specifically, the order required that defendants produce all documents responsive to the request except those to which the work product privilege was claimed. Those documents to which defendants claimed the protection of the work product privilege, were to be provided to the Court for review. Defendants responded on February 25, 1997, and on February 26, 1997, defendants objected to the February 24, 1997 order.
The Court is cognizant of the fact that the defendants' work product objection may be untimely under R.C.P. 34 which governs requests for production of documents. Under R.C.P. 34 (b), a party upon whom a request for production is served has forty days after service of the request to serve a written response which makes any objections and the reasons for the objections. This section, however, also allows a court to, within its discretion, shorten or extend this forty day period. Thus, assuming the request was served, when alleged, on February 15, 1996, in the absence of a discretionary extension by this Court, defendants' work product objections were due on or about March 28, 1996. As a result, even if a response was filed by defendants on September 20, 1996, it was untimely. The problem is, however, that the record is unclear as to when the document request was served. Thus this Court will consider the asserted privileges.
Generally, R.C.P. 26 (b) (3) (4) provide for a qualified privilege for work product or trial preparation materials which were prepared or obtained in anticipation of litigation by or for a party, or that party's representative. Rule 26 (b) (5) requires that when a party withholds information under a claim of privilege the party must make the claim expressly, and shall describe the nature of the documents, communications or things not produced, in a manner that will enable the other party to assess the applicability of the privilege, while at the same time not revealing the privileged information. Our Supreme Court has established that "[i]n order to determine whether an item is work product under Rule 26 (b) (2), the test is whether, in light of the nature of the document or tangible material and the facts of the case, the document can be said to have been prepared or obtained because of the prospect of litigation, by or for an adverse party." Cabral v. Arruda, 556 A.2d 47, 49 (R.I. 1989) (citation omitted). This privilege, however, is qualified. If the party seeking the material can establish that an injustice or undue hardship will befall them if discovery is denied, the court may order the materials to be turned over. Burgess v.Rhode Island Public Transit Authority et al., 664 A.2d 1119
(R.I. 1995); Cabral v. Arruda. 556 A.2d 47, 49 (R.I. 1989).
According to the information provided by the defendants,[1]
request #3 sought: "all documents which relate to, concern or regard any conversation, report, account or statement with respect to this incident which has been recorded in writing, on tape or in any other manner," and request #4 sought "all documents or other tangible items, objects or exhibits which in any way relate to the persons, places, or things involved in this incident."
The first objection by defense counsel that appears in the Court file is dated February 25, 1997, and states that requests 3 and 4 "seek[s] attorney work product and materials that have been prepared in anticipation of this litigation or attorney work product [sic] and are, therefore, protected from discovery." No other specific information was provided to plaintiffs so that they could evaluate the appropriateness of the claimed privilege prior to this Court's in camera review.
Addressing the documents in seriatim, it is apparent that some of the documents sought are protected by the work product privilege. Additionally, the record contains no evidence establishing that plaintiffs cannot obtain this information by other means. Thus the documents submitted in connection with these requests which are privileged will not be turned over, because plaintiff has not established that they will suffer an undue hardship or an injustice by not being provided the documents. To permit discovery of these privileged documents would, in the current situation, allow plaintiffs' counsel to avoid undertaking independent outside discovery, by obtaining the information that defense counsel has already compiled.
Upon reviewing the documents in question it is hereby ordered that the following documents be released to plaintiff because they were not created in anticipation of litigation: 7, 9, 10, 11, 12, 13, 15. The following documents should, however, not be released because they fall within the qualified immunity provided by the work-product privilege, and plaintiff has not established that they cannot obtain the same information from outside sources: 1, 2, 3, 4, 5, 6, 8, 14, 16, 17, 18.
Counsel shall prepare and submit an appropriate order.
[1] This is the only information the Court has because the original request does not appear in the Court file.